FILED

2013 MAY 17 PM 3:20

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1 | GOLDSMITH & HULL, A P.C. File # CDCS476
William I. Goldsmith    SBN 82183
2 | Jack D. Hull           SBN 91879
Howard D. Myers        SBN 41811
3 | 16933 Parthenia Street, Suite 110
Northridge, CA 91343
4 | Telephone: (818) 990-6600
Facsimile: (818) 990-6140
5 | govdept1@goldsmithcalaw.com

6 | Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CASE NO. CV13-5572 |
|---|---|
| Plaintiff, | ) |
| v. | ) COMPLAINT ON PROMISSORY NOTE(S) |
| ROBERT D CHAIN | ) |
| Defendant. | ) |

For its claim, Plaintiff, acting on behalf of the DEPARTMENT OF EDUCATION alleges as follow:

1. This court has jurisdiction under title 28 U.S.C. Section 1345 and Title 20 U.S.C. Section 1080, and the Defendant resides in the County of LOS ANGELES.

2. In consideration of student loans guaranteed by Plaintiff, Defendant executed promissory note(s), copies of which are attached hereto as Exhibit(s) "1" through "3" on the date(s) set forth on said note(s).

3. Said note(s) and all rights to the obligations undertaken therein were thereafter assigned to Plaintiff.

4. Defendant has defaulted in the payment of the obligations due under the said note(s) according the their terms.

5. Defendant owes to Plaintiff after applying all payments and proper credits the amounts hereinafter prayed for.

WHEREFORE, Plaintiff prays for judgment against Defendant as follow:

1. As to Plaintiff First Claim:

The principal amount of $11,573.43, plus interest accrued from the default to AUGUST 13,2010, in the sum of $10,184.70 with further interest at 7% per annum accruing at $2.22 per day until entry of judgment; with interest thereafter at the legal rate plus penalties/administrative charges of $0.00.

2. And upon all claims;

A. For cost incurred.

B. For a surcharge of ten percent of the amount of the debt owed pursuant to 28 U.S.C. Section 3011, or attorneys fees.

C. For such other and further relief as to the Court seems just.

DATED: 5/13/2013

GOLDSMITH & HULL, A.P.C.

William I. Goldsmith
Attorneys for Plaintiff

EXHIBIT"1"

| CALIFORNIA GUARANTEED STUDENT LOAN PROGRAM STUDENT AID COMMISSION PROMISSORY NOTE AND DISCLOSURE STATEMENT | CHAIN LN # 925678 | SOCIAL SECURITY NUMBER ███ 7273 |
|---|---|---|

02433813

| LENDING INSTITUTION (in this Note called "you, your, yours") | | | DATE |
|---|---|---|---|
| CROCKER NATIONAL BANK | | | DEC 4, 1980 |
| ADDRESS | CITY | STATE | |
| 74 NEW MONTGOMERY STREET | SAN FRANCISCO | CA | 94105 |

| This date need not be included if it is the same as the date of the transaction | (1) DATE FINANCE CHARGE BEGINS TO ACCRUE | (2) AMOUNT FINANCED PROCEEDS TO BORROWER | (3) PREPAID FINANCE CHARGE (INSURANCE PREMIUM) | (4) AMOUNT OF LOAN (ITEM 2 + ITEM 3) |
|---|---|---|---|---|
| | | $ 4,833.33 | $ 166.67 | $ 5,000.00 |

| (5) ANNUAL PERCENTAGE RATE | (A) PRIOR TO BEGINNING OF REPAYMENT PERIOD 1.00 % | (B) DURING REPAYMENT PERIOD 7% |
|---|---|---|

**TERMS:**

I (we) promise to pay to you or to your order FIVE THOUSAND 0/100 dollars ($5,000.00). United States Currency and to the extent it is advanced to me upon the beginning of the repayment period of this Note as set forth in Paragraph I, plus interest at the rate and at the time and place set forth in Paragraph II, the Insurance Premium set forth in Paragraph III, and any and all other charges as set forth in this Note when due.

BEST COPY AVAILABLE AT TIME OF IMAGING

**BEGINNING OF REPAYMENT PERIOD**

The repayment period of this Note will begin on the earliest to occur of the following dates:
1) The first day of the tenth calendar month following the month in which I cease to carry at an eligible institution approved by the Student Aid Commission at least one-half the normal full-time academic work load as determined by such institution and as certified by the institution's registrar or other officially designated individual; or
2) The last day by which I must enroll in the educational institution named in my application for this loan in order to obtain academic credit for the first semester or period covered by this loan (unless I have already so enrolled by such day) even though I plan to reenroll at a later date; or
3) The first day of the first calendar month following the month in which I cease to carry at an eligible institution approved by the Student Aid Commission the normal full-time academic workload if I enrolled in such institution after my repayment period should have begun.

**INTEREST**

I (we) hereby agree to pay interest on the outstanding balance at a rate of seven percent (7%) per annum from the date you advance the loan until the loan is paid in full with the understanding that you will not attempt to collect from me (us) any interest payable on my behalf by the United States Government. I (we) shall pay to the holder of this note at the end of each quarter the interest due on this Note which is not payable by the United States Government. If you permit me (us) to defer payment of such interest until this Note becomes due, I may choose either to pay such interest in full at that time or have such interest added to the principal amount of the loan and repay it, with interest, in installments. I (we) will make all payments to your address stated above or any other address I (we) may be notified of in writing by the holder of this Note.

**I. INSURANCE PREMIUM**

I (we) agree to pay you on or before the date you advance the loan proceeds the amount identified above as the "Prepaid Finance Charge" which you will forward to the Student Aid Commission in order to pay the fee for its guarantee of this Note. The Insurance premium is in addition to interest and principal due on this Note and is equal to one percent (1%) per annum on the original amount of this loan from the date you advance the loan proceeds until the last day of the twelfth calendar month following my expected graduation date as stated in my application for this loan. I understand that no part of the insurance premium is refundable unless this loan is paid in full within 60 days after the date of this Note, in which case the entire amount will be refunded.

**J. EVENTS OF DEFAULT**

When any of the following events happen, the holder of this Note may send me a notice declaring the full unpaid principal amount of this loan plus accrued interest to be immediately due and payable:
1) Failure by me to pay any amount when due (subject to any legal right to cure such failure), or to notify you of a change in my enrollment status, or my address; or to perform any agreement contained in this Note; or
2) I make any statement or representation in connection with this loan that is incorrect or incomplete in any material respect as of the time I make it; or
3) Any bankruptcy or insolvency proceedings are begun by or against me, or I make an assignment for the benefit of my creditors.

**V. DELINQUENCY AND DEFAULT CHARGES**

1) If I default, any obligation of the United States Government to pay interest on this loan on my behalf will end and I (we) will then become obligated to pay such interest from the date of default.
2) If this Note is declared to be due and payable because of Paragraph IV above, I (we) will also be required to pay (to the extent permitted by law) all costs and expenses, including reasonable attorney's fees, incurred by the holder in attempting to collect any amounts due under this loan.
3) My Payout Note of Repayment Schedule may provide for a late charge at the highest rate permitted by law, but not more than five percent (5%) of the monthly installment or five dollars ($5.00), whichever is less, on any installment payment not paid within 10 days of its due date.
4) You may acquire a right of offset in any of my deposits. You waive your rights to any security interest in property acquired because of any cross lien in another note.

**VI. PREPAYMENT**

I may prepay this Note at any time either in whole or in part together with accrued interest to the date of payment without penalty. Any partial prepayment will not affect my obligation to pay the regular consecutive installments until this loan is paid in full.

If I prepay this loan in full within 60 days after the date of this Note, the entire Prepaid Finance Charge shall be refunded.

I WILL NOT SIGN THIS NOTE BEFORE READING IT, INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I WILL NOT SIGN THIS NOTE IF IT CONTAINS ANY BLANK SPACE. I AM ENTITLED TO AN EXACT COPY OF THIS NOTE AND ANY AGREEMENT I SIGN. BY SIGNING THIS NOTE I ACKNOWLEDGE THAT IT CONTAINS NO BLANK SPACE AND THAT I HAVE RECEIVED AN EXACT COPY HEREOF. I HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS NOTE WITHOUT PENALTY.

_Robert D. ███_ (SEAL)     ███ Encino CA ███
Signature of Maker                                Home address of Maker

_███_ (SEAL)
Signature of Co-Maker, if any                    Home address of Co-Maker, if any

70-0658 (4-79)        NOTICE: SEE OTHER SIDE FOR ADDITIONAL TERMS OF AGREEMENT

Poor Source Original — Documents will be retained in portfolio

### VII. EXTENSIONS

You will grant me a deferment of principal repayments due on this loan if at any time I request such a deferment in writing, no "Event of Default" exists and I provide evidence satisfactory to you that I am entitled to such a deferment. Such deferments may be granted:

1) for any period during which I am carrying at an eligible educational institution approved by the Student Aid Commission the normal full-time academic work load as determined by such institution;
2) for any period during which I am pursuing a course of study pursuant to a graduate fellowship program approved by the United States Commissioner of Education;
3) for any period during which I am pursuing a rehabilitation training program approved by the United States Commissioner of Education for disabled individuals;
4) for not more than three years during which I am a member of the Armed Forces of the United States on active duty, for not more than three years service as a full-time volunteer under the Peace Corps Act, or for not more than three years service as a full-time volunteer under the Domestic Volunteer Service Act of 1973; or
5) for a single period of not more than one year during which I am seeking and unable to find full-time employment (as certified in an unemployment affidavit).

Any period of deferment described above shall not be included in determining the 15 year total time limit for repayment of this loan.

You may grant me a forbearance of principal payments due on this loan if at any time I request such a forbearance in writing and I provide evidence satisfactory to you that I am entitled to such a forbearance.

### VIII. REPAYMENT IN INSTALLMENTS

You agree to permit me to repay the principal of this loan and any unpaid accrued interest added to principal, in installments, with interest at the rate of seven percent (7%) per annum on the unpaid balance thereof from the beginning of the repayment period of this Note until the loan is paid in full, unless:
1) An "Event of Default" exists; or
2) This Note has become due because I did not enroll in the educational institution named in my application for this loan in time to obtain academic credit for the first semester or period covered by this loan. (I must pay the full amount then owing on the loan immediately in this case.)

In order to fix the installment repayment terms, I (we) agree that six months prior to the beginning of the repayment period of this Note I will at your option either (A) sign a Payout Note or (B) accept a Repayment Schedule prepared by you which shall become a part of this Note and be binding on me (us). A single Payout Note or Repayment Schedule may cover all loans I have received from you under the California Guaranteed Student Loan Program.

The Payout Note or Repayment Schedule will be subject to the following:
1) Equal monthly payments of principal and interest (with a possible adjustment in the final installment amount) will be payable over a period of not less than 5 or more than 10 years after the beginning of the repayment period of this Note. Except as provided in Paragraph VII above, the repayment period will not be extended more than 15 years from the date I signed this Note.
2) At my option I may agree to a repayment period that begins sooner or is shorter than 5 years. However, I may at any time later have the repayment period extended so that the total repayment period is not less than 5 years.
3) Except as otherwise agreed by lender and student, the total of my payments and my spouse's payments on all our Guaranteed Student Loan Program loans cannot be less than $360 per year (or the balance of all such loans plus accrued interest if less than $360), even though this may result in a repayment period shorter than 5 years.

### IX. ADDITIONAL AGREEMENTS

1) I (the Maker) will use the proceeds of this loan solely for my educational expenses at the school listed in my application. The Co-Maker, if any, will not receive any of the proceeds.
2) I will send written notice to you or another holder of this Note, within 30 days after any change in my enrollment status, name, or address.
3) Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. No separate notice is required for any Co-Maker.
4) You can delay enforcing any of the provisions under this Note without losing the right to enforce them. No provision of this Note can be waived or modified except in writing.
5) I understand that I am obligated to pay this Note even though I may be under 18 years of age.
6) Upon the death or permanent and total disability of the maker, the maker's liability on the loan will be discharged by the Student Aid Commission. In the event of such discharge, amounts due the Student Aid Commission by subrogation shall be reduced to the extent repayment is recovered by the Student Aid Commission from the U.S. Government under the Higher Education Act of 1965 as amended.

**NOTICE: SEE OTHER SIDE FOR ADDITIONAL TERMS OF AGREEMENT**

"All rights, title and interest of the California Student Aid Commission is hereby assigned in favor of the United States Department of Education by the execution of this endorsement"

Carla Lenard
EDFUND Controller
Financial Operations Division
California Student Aid Commission
P.O. Box 419038
Rancho Cordova, CA 95741-9038

JUN 16 '99

*[Signature]*

BEST COPY AVAILABLE
AT TIME OF IMAGING

# EXHIBIT "2"

Poor Source Original Documents will be retained in portfolio

| CALIFORNIA GUARANTEED STUDENT LOAN PROGRAM STUDENT AID COMMISSION PROMISSORY NOTE AND DISCLOSURE STATEMENT | CHAIN LN # 0925673 | | SOCIAL SECURITY NUMBER 7273 |
|---|---|---|---|

| LENDING INSTITUTION (in this Note called "you, your, yours") 03433814 | | | DATE |
|---|---|---|---|
| CROCKER NATIONAL BANK | | | MAY 21, 1981 |
| ADDRESS | CITY | STATE | |
| 1 NEW MONTGOMERY STREET | SAN FRANCISCO | CA | 94105 |

| This date need not be included if it is the same as the date of the transaction | (1) DATE FINANCE CHARGE BEGINS TO ACCRUE | (2) AMOUNT FINANCED PROCEEDS TO BORROWER | (3) PREPAID FINANCE CHARGE (INSURANCE PREMIUM) | (4) AMOUNT OF LOAN (ITEM 2 + ITEM 3) |
|---|---|---|---|---|
| | | $ 4,854.17 | $ 145.83 | $ 5,000.00 |

| (5) ANNUAL PERCENTAGE RATE | (A) PRIOR TO BEGINNING OF REPAYMENT PERIOD 1.00 % | (B) DURING REPAYMENT PERIOD 7% |
|---|---|---|

**TERMS:**

I (we) promise to pay to you or to your order FIVE THOUSAND    0/100    dollars ($ 5,000.00) in United States Currency and to the extent it is advanced to me upon the beginning of the repayment period of this Note as set forth in Paragraph I, plus interest at the rate and at the time and place set forth in Paragraph II, the Insurance Premium set forth in Paragraph III, and any and all other charges as set forth in this Note when due.

**I. BEGINNING OF REPAYMENT PERIOD**

The repayment period of this Note will begin on the earliest to occur of the following dates:
1) The first day of the tenth calendar month following the month in which I cease to carry at an eligible institution approved by the Student Aid Commission at least one-half the normal full-time academic work load as determined by such institution and as certified by the institution's registrar or other officially designated individual; or
2) The last day by which I must enroll in the educational institution named in my application for this loan in order to obtain academic credit for the first semester or period covered by this loan (unless I have already so enrolled by such day) even though I plan to reenroll at a later date; or
3) The first day of the first calendar month following the month in which I cease to carry at an eligible institution approved by the Student Aid Commission the normal full-time academic workload if I enrolled in such institution after my repayment period should have begun.

**II. INTEREST**

I (we) hereby agree to pay interest on the outstanding balance at a rate of seven percent (7%) per annum from the date you advance the loan until the loan is paid in full with the understanding that you will not attempt to collect from me (us) any interest payable on my behalf by the United States Government. I (we) shall pay to the holder of this note at the end of each quarter the interest due on this Note which is not payable by the United States Government. If you permit me (us) to defer payment of such interest until this Note becomes due, I may choose either to pay such interest in full at that time or have such interest added to the principal amount of the loan and repay it, with interest, in installments. I (we) will make all payments to your address stated above or any other address I (we) may be notified of in writing by the holder of this Note.

**III. INSURANCE PREMIUM**

I (we) agree to pay you on or before the date you advance the loan proceeds the amount identified above as the "Prepaid Finance Charge" which you will forward to the Student Aid Commission in order to pay the fee for its guarantee of this Note. The insurance premium is in addition to interest and principal due on this Note and is equal to one percent (1%) per annum on the original amount of this loan from the date you advance the loan proceeds until the last day of the twelfth calendar month following my expected graduation date as stated in my application for this loan. I understand that no part of the insurance premium is refundable unless this loan is paid in full within 60 days after the date of this Note, in which case the entire amount will be refunded.

**IV. EVENTS OF DEFAULT**

When any of the following events happen, the holder of this Note may send me a notice declaring the full unpaid principal amount of this loan plus accrued interest to be immediately due and payable:
1) Failure by me to pay any amount when due (subject to any legal right to cure such failure), or to notify you of a change in my enrollment status, or my address, or to perform any agreement contained in this Note; or
2) I make any statement or representation in connection with this loan that is incorrect or incomplete in any material respect as of the time I make it; or
3) Any bankruptcy or insolvency proceedings are begun by or against me, or I make an assignment for the benefit of my creditors.

**V. DELINQUENCY AND DEFAULT CHARGES**

1) If I default, any obligation of the United States Government to pay interest on this loan on my behalf will end and I (we) will then become obligated to pay such interest from the date of default.
2) If this Note is declared to be due and payable because of Paragraph IV above, I (we) will also be required to pay (to the extent permitted by law) all costs and expenses, including reasonable attorney's fees, incurred by the holder in attempting to collect any amounts due under this loan.
3) My Payout Note or Repayment Schedule may provide for a late charge at the highest rate permitted by law, but not more than five percent (5%) of the monthly installment or five dollars ($5.00), whichever is less, on any installment payment not paid within 10 days of its due date.
4) You may acquire a right of offset against any of my deposits. You waive your rights to any security interest in property acquired because of any cross lien in another note.

**VI. PREPAYMENT**

I may prepay this Note at any time either in whole or in part together with accrued interest to the date of payment without penalty. Any partial prepayment will not affect my obligation to pay the regular consecutive installments until this loan is paid in full.

If I prepay this loan in full within 60 days after the date of this Note, the entire Prepaid Finance Charge shall be refunded.

I WILL NOT SIGN THIS NOTE BEFORE READING IT, INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I WILL NOT SIGN THIS NOTE IF IT CONTAINS ANY BLANK SPACE. I AM ENTITLED TO AN EXACT COPY OF THIS NOTE AND ANY AGREEMENT I SIGN. BY SIGNING THIS NOTE I ACKNOWLEDGE THAT IT CONTAINS NO BLANK SPACE AND THAT I HAVE RECEIVED AN EXACT COPY HEREOF. I HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS NOTE WITHOUT PENALTY.

_Robert D. Chain_ (SEAL)
Signature of Maker

_____ Encino, CA _____
Home address of Maker

_____ (SEAL)
Signature of Co-Maker, if any    Home address of Co-Maker, if any

BEST COPY AVAILABLE AT TIME OF IMAGING

70-0656 (4-79)   NOTICE: SEE OTHER SIDE FOR ADDITIONAL TERMS OF AGREEMENT

## VII. EXTENSIONS

You will grant me a deferment of principal repayments due on this loan if at any time I request such a deferment in writing, no "Event of Default" exists and I provide evidence satisfactory to you that I am entitled to such a deferment. Such deferments may be granted:

1) for any period during which I am carrying at an eligible educational institution approved by the Student Aid Commission the normal full-time academic work load as determined by such institution;
2) for any period during which I am pursuing a course of study pursuant to a graduate fellowship program approved by the United States Commissioner of Education;
3) for any period during which I am pursuing a rehabilitation training program approved by the United States Commissioner of Education for disabled individuals;
4) for not more than three years during which I am a member of the Armed Forces of the United States on active duty, for not more than three years service as a full-time volunteer under the Peace Corps Act, or for not more than three years service as a full-time volunteer under the Domestic Volunteer Service Act of 1973; or
5) for a single period of not more than one year during which I am seeking and unable to find full-time employment (as certified in an unemployment affidavit).

Any period of deferment described above shall not be included in determining the 15 year total time limit for repayment of this loan.

You may grant me a forbearance of principal payments due on this loan if at any time I request such a forbearance in writing and I provide evidence satisfactory to you that I am entitled to such a forbearance.

## VIII. REPAYMENT IN INSTALLMENTS

You agree to permit me to repay the principal of this loan and any unpaid accrued interest added to principal, in installments, with interest at the rate of seven percent (7%) per annum on the unpaid balance thereof from the beginning of the repayment period of this Note until the loan is paid in full, unless:

1) An "Event of Default" exists; or
2) This Note has become due because I did not enroll in the educational institution named in my application for this loan in time to obtain academic credit for the first semester or period covered by this loan. (I must pay the full amount then owing on the loan immediately in this case.)

In order to fix the installment repayment terms, I (we) agree that six months prior to the beginning of the repayment period of this Note I will at your option either (A) sign a Payout Note or (B) accept a Repayment Schedule prepared by you which shall become a part of this Note and be binding on me (us). A single Payout Note or Repayment Schedule may cover all loans I have received from you under the California Guaranteed Student Loan Program.

The Payout Note or Repayment Schedule will be subject to the following:

1) Equal monthly payments of principal and interest (with a possible adjustment in the final installment amount) will be payable over a period of not less than 5 or more than 10 years after the beginning of the repayment period of this Note. Except as provided in Paragraph VII above, the repayment period will not be extended more than 15 years from the date I signed this Note.
2) At my option I may agree to a repayment period that begins sooner or is shorter than 5 years. However, I may at any time later have the repayment period extended so that the total repayment period is not less than 5 years.
3) Except as otherwise agreed by lender and student, the total of my payments and my spouse's payments on all our Guaranteed Student Loan Program loans cannot be less than $360 per year (or the balance of all such loans plus accrued interest if less than $360), even though this may result in a repayment period shorter than 5 years.

## IX. ADDITIONAL AGREEMENTS

1) I (the Maker) will use the proceeds of this loan solely for my educational expenses at the school listed in my application. The Co-Maker, if any, will not receive any of the proceeds.
2) I will send written notice to you, or any other holder of this Note, within 30 days after any change in my enrollment status, name, or address.
3) Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. No separate notice is required for any Co-Maker.
4) You can delay enforcing any of the provisions under this Note without losing the right to enforce them. No provision of this Note can be waived or modified except in writing.
5) I understand that I am obligated to pay this Note even though I may be under 18 years of age.
6) Upon the death or permanent and total disability of the maker, the maker's liability on the loan will be discharged by the Student Aid Commission. In the event of such discharge, amounts due the Student Aid Commission by subrogation shall be reduced to the extent repayment is recovered by the Student Aid Commission from the U.S. Government under the Higher Education Act of 1965 as amended.

### NOTICE: SEE OTHER SIDE FOR ADDITIONAL TERMS OF AGREEMENT

"All rights, title and interest of the California Student Aid Commission is hereby assigned in favor of the United States Department of Education by the execution of this endorsement"

Carla Lenerd
EDFUND Controller
Financial Operations Division
California Student Aid Commission
P.O. Box 419036
Rancho Cordova, CA 95741-9036

JUN 16 '99

*[Signature]*

BEST COPY AVAILABLE
AT TIME OF IMAGING

# EXHIBIT"3"

**PROMISSORY NOTE AND DISCLOSURE STATEMENT**

SEP 29 1982
9/28/82

**CALIFORNIA STUDENT AID COMMISSION**
(Herein Called "Guarantor")

Borrower Name: ROBERT D CHAIN   Social Security Number: ###-##-7273

O.E. Lender Code Number: 813298
Lending Institution Name and Address: 03433815

CROCKER NAT BK
SAN FRANCISCO   CA

| ANNUAL PERCENTAGE RATE<br>The cost of my credit as a yearly rate. | Amount Financed<br>The amount of credit provided to me. |
|---|---|
| A. Prior to Repayment: 3.40% | |
| B. During Repayment: 7.00% | $4,616.67 |

Prepayment: If I pay off early, I will not have to pay a penalty and I may be entitled to a refund of part of the finance charge.
Late Charge: If a payment is late, I may be charged $5.00 or 5.00% of the payment, whichever is less.
I must read the entire promissory note for any additional information about nonpayment, default, any required payment in full before the scheduled date and prepayment refunds and penalties.

**ITEMIZATION OF THE AMOUNT FINANCED**
Loan Amount: $5,000.00
Less: Prepaid Finance Charge: $383.33
Includes:
Guarantee Fee: $133.33
Origination Fee: $250.00
(5% of Loan Amount)
Equals: Amount Financed: $4,616.67

| Disbursement Schedule | Estimated Date of Disbursement | Loan Amount | Prepaid Finance Charge | | Amount Financed |
|---|---|---|---|---|---|
| | | | Guarantee Fee | Origination Fee | |
| First (or entire) | 09/30/82 | 5000 | 133.33 | 250.00 | 4616.67 |
| Second | N/A | N/A | N/A | N/A | N/A |
| Third | N/A | N/A | N/A | N/A | N/A |

Date Guaranteed: 09/03/82   Date Produced: 09/03/82

I. **PROMISE TO PAY:** I promise to pay to you or your order when this Note becomes due as set forth in Paragraph II, the "Loan Amount" as shown in "Itemization of the Amount Financed" to the extent it is advanced to me plus interest as set forth in Paragraph III, and any other charges which may become due as provided in Paragraph VI.

II. **DATE NOTE BECOMES DUE:** This Note will become due on the earliest of the following dates: 1)IN **NINE FULL** months after I stop carrying, at an eligible school approved by the Guarantor, at least one-half of the normal full-time academic workload required by such school; or 2) If I have not already enrolled on the basis (at least half-time) shown in my application for this loan, the last day set by the school named in my application for which I can begin to get academic credit for the period covered by this loan even though I may plan to enroll at a later date within the loan period.

III. **INTEREST:** I agree to pay an amount equivalent to simple interest on the unpaid balance at the rate of **7.00%** per annum from the date you advance the loan until the loan is paid in full. You will not collect from me any interest which the United States Government will pay for me. I will pay you at the end of each **N/A** (month, quarter) any interest due from me, or you may allow me to defer the payment of this interest until this Note becomes due. When this Note becomes due I may either pay the total interest due or such interest will be added to the principal balance due to be repaid, with interest, in installments. All payments will be made to your address given above or to any other address you notify me of.

IV. **GUARANTEE-ORIGINATION FEES:** I will pay you a guarantee fee in the amount shown in "Itemization of the Amount Financed" which you will forward to the Guarantor to pay for its guarantee of this Note. The guarantee fee is equal to 1.00% per annum on the amount of this loan from the disbursal date until **TWELVE** months after the graduation date given on my application for this loan. No part of this guarantee fee will be repaid to me unless the total loan is repaid within 60 days after the disbursal date, in which case the total fee will be returned. I will pay you a loan origination fee authorized by federal law in the amount disclosed in the "Itemization of the Amount Financed" above. If any loan disbursement check is returned uncashed to the lender I will be entitled to a refund of any loan origination fee paid in respect to such disbursement. The guarantee fee and the loan origination fee may both be deducted from the proceeds of my loan.

V. **WHOLE LOAN DUE:** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once (subject to any law which gives me a right to cure my default) if: 1) Any payment has not reached you within 10 days after it is due; or 2) I fail to notify you of a change in my name, address, or school enrollment status within 10 days; or 3) I break any of my other promises under this agreement; or 4) Any bankruptcy proceeding is begun by or against me, or I assign any of my assets for the benefit of my creditors; or 5) I make any false written statement in applying for this loan or for an extension or deferment of this loan. After sending such notice to me, you will have the right, without further notice, to take the outstanding balance out of my checking and/or savings account I have with you if permitted by law, but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me. If I default, I will be required to pay interest on this loan as provided in Paragraph III from the date of default since the United States Government will stop paying such interest on my behalf.

VI. **COLLECTION COSTS:** 1) I agree to pay you reasonable amounts permitted by law, including the fees of an outside attorney and court costs, which you incur in collecting any amount I owe under the Note which is not paid when due. 2) If any payment has not reached you within 10 days after its due date, you may, if permitted by law, bill me for a late charge at the maximum rate permitted.

I WILL NOT SIGN THIS NOTE BEFORE READING IT, INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I WILL NOT SIGN THIS NOTE IF IT CONTAINS ANY BLANK SPACE. I AM ENTITLED TO AN EXACT COPY OF THIS NOTE AND ANY AGREEMENT I SIGN. BY SIGNING THIS NOTE I ACKNOWLEDGE THAT IT CONTAINS NO BLANK SPACE AND THAT I HAVE RECEIVED AN EXACT COPY HEREOF. I HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS NOTE WITHOUT PENALTY.

Borrower Signature: [signed] Robert D Chain (SEAL)   Date: September 16, 1982   Permanent Address: [redacted]

Signature of Co-signer (if any): _____ (SEAL)   Date: Encino _____   Permanent Address: _____

NOTICE: SEE OTHER SIDE FOR IMPORTANT INFORMATION

USA Funds Form 104 6/82

BEST COPY AVAILABLE
AT TIME OF IMAGING

VII. **ADDITIONAL AGREEMENTS:** 1) The proceeds of this loan will be used only for my education expenses at the school listed in my application. 2) I will send written notice to you, or any holder of this Note, within 10 days after any change in my name, address, or school enrollment status. 3) Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. No separate notice is required for any Co-Signer. 4) Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing. 5) If the Guarantor is required under its guarantee to repay my loan(s) because I have defaulted, the Guarantor will become the owner of this Note and as my creditor will have all the rights of the original lender to enforce this Note against me. 6) I understand that I must repay this Note even though I may be under 18 years of age. 7) I understand my loan will be cancelled if I die or become totally and permanently disabled. 8) In this Note the words I, me and my mean each and all of those who signed it. If more than one person signs this Note, each person will be liable up to the full amount of the loan. You, your and yours mean the lender and any other owner of this Note.

VIII. **DEFERMENT:** You will let me pay interest only, if such interest is not paid by the United States Government, and defer making principal payments on this Note as provided below if my repayment period has begun, I am not in default, and can prove to you that I qualify for the deferment: 1) While I am enrolled: a) in an eligible school approved by the Guarantor in the normal full-time academic workload, as determined by that school, unless I am not a citizen or national of the United States and am studying at a school not located in the United States; or b) in a graduate fellowship program approved by the Secretary of Education, or c) in a rehabilitation training program for disabled individuals approved by the Secretary of Education; or d) as a full-time student at either an institution of higher education or vocational school which is operated by an agency of the Federal Government. 2) For a period not exceeding 3 years for each of the following while I am: a) On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service; or b) Serving as a Peace Corps volunteer; or c) Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (e.g. VISTA); or d) Providing service as a full-time volunteer for an organization exempt from Federal income tax under Section 501(c)(3) of the Internal Revenue Code of 1954, which the Secretary of Education has determined is comparable to service in the Peace Corps or ACTION programs. 3) For one or more periods not exceeding 3 years while I am: a) Temporarily totally disabled, as established by affidavit of a qualified physician; or b) Unable to work because I must care for a spouse who is temporarily totally disabled as established by affidavit of a qualified physician. 4) For a period not exceeding 2 years while I am serving an internship that is needed to gain professional recognition required to begin professional practice or service. 5) For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States.

For loans disbursed before October 1, 1981, a six-month post deferment grace period is provided following any period of authorized deferment, or combination thereof, before principal payments are required to resume. If my loan is disbursed on or after October 1, 1981, and if I have received an authorized deferment, I am not eligible for a six-month post deferment grace period.

IX. **REPAYMENT IN INSTALLMENTS:** I can repay the total amount due on this Note in installments, with interest at the rate indicated in "Annual Percentage Rate—During Repayment" on the unpaid balance from the due date of this Note until the loan is paid in full, unless; 1) The whole loan is due, as described in Paragraph V; or 2) This Note has become due because of item 2 of Paragraph II. Not less than four months prior to the due date of this Note I will, at your option, sign either a Payout Note or Repayment Schedule which shows the repayment terms. If I sign a Repayment Schedule, it will become part of this Note and any Co-Signer who signs the Repayment Schedule will also be obligated to pay this Note. The Payout Note or Repayment Schedule may include all loans I have received from you under the Guaranteed Student Loan Program of the Guarantor of this Note.

The Payout Note or Repayment Schedule will require me to make monthly payments for a period of not less than 5 nor more than 10 years after this Note becomes due. The repayment period will not be longer than 15 years from the date of my original Note not counting periods for which I am granted any authorized deferment outlined in Paragraph VIII. My original in-school period is counted in this 15 year requirement. At my option I may agree to a repayment period that is shorter than 5 years. However, I may at any time later have the repayment period extended so that the total repayment period is not less than 5 years. If my loan(s) is disbursed prior to October 1, 1981, my total payments for any year of the repayment period on all my loans under the Guaranteed Student Loan Program (GSLP), the Guaranteed Parental Loan Program (GPLP) or the PLUS Program under Title IV, Part B of the Higher Education Act shall not be less than $360 per year, including payments by my spouse on any loan under such loan programs (or the balance of all such loans plus accrued interest if less than $360) even though this may result in a repayment period shorter than 5 years. If my loan(s) is disbursed on or after October 1, 1981, my total payments for any year of the repayment period on all my loans under the Guaranteed Student Loan Program (GSLP), the Guaranteed Parental Loan Program (GPLP) or the PLUS Program under Title IV, Part B of the Higher Education Act shall not be less than $600 per year, including payments by my spouse on any loan under such loan programs (or the balance of all such loans plus accrued interest if less than $600) even though this may result in a repayment period shorter than 5 years.

### SAMPLE SCHEDULE OF PAYMENTS

A student loan is a serious commitment. Prior to undertaking this financial obligation I should talk to my financial aid officer about all other financial assistance available to me.

Should I still feel a loan is necessary after reviewing other financial aid, it is important [that I understand my rights and responsibilities] as detailed on the Statement of Borrower's Rights and Responsibilities which has been given to me.

To further assist me in understanding my repayment possibilities, some examples of typical repayment plans for 7% and 9% loans are listed below.

| Amount of Repayment Obligation | Number of Months | Seven Percent | | | | Nine Percent | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | Monthly Payment | Finance Charge | Total of Payments | Annual Percentage Rate | Monthly Payment | Finance Charge | Total of Payments | Annual Percentage Rate |
| $ 2,500 | 48 | $ 59.85 | $ 372.80 | $ 2,872.80 | 7% | $ 62.20 | $ 485.60 | $ 2,985.60 | 9% |
| 5,000 | 84 | 75.46 | 1,338.64 | 6,338.64 | 7% | 80.44 | 1,756.96 | 6,756.96 | 9% |
| 7,500 | 120 | 87.08 | 2,949.60 | 10,449.60 | 7% | 94.95 | 3,894.00 | 11,394.00 | 9% |
| 10,000 | 120 | 116.11 | 3,933.20 | 13,933.20 | 7% | 126.60 | 5,192.00 | 15,192.00 | 9% |
| 12,500 | 120 | 145.12 | 4,914.40 | 17,414.40 | 7% | 158.25 | 6,490.00 | 18,990.00 | 9% |
| 15,000 | 120 | 174.15 | 5,898.00 | 20,898.00 | 7% | 189.90 | 7,788.00 | 22,788.00 | 9% |

All rights, title and interest [of] California Student Aid Commission is hereby assigned in favor of the United States Department of Education by the execution of this endorsement:

Carla Legerr[y] 
EDFUND Controller 
Financial Operations Division 
California Student Aid Commission 
P.O. Box 419038 
Rancho Cordova, CA 95741-9038

JUN 16 '99

By _____
Authorized Signature

GUARANTEE—This Note (exclusive of any modifications therein made by the borrower or Lender unless specifically approved in writing by the Guarantor) shall be deemed to be guaranteed by the Guarantor under the terms of its Agreement to Guarantee Loans as amended from time to time.

**NOTICE: SEE OTHER SIDE FOR IMPORTANT INFORMATION**

Poor Source Original
Documents will be retained in portfolio

BEST COPY AVAILABLE
AT TIME OF IMAGING

CDCS NO: CDCS476

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Plaintiff,

COURT NO: CV13 - 3572

**SUMMONS**

v.

ROBERT D CHAIN

          Defendant(s).

_____/

**TO THE ABOVE-NAMED DEFENDANT(S)**, You are hereby summoned and required to file with the court and serve upon

        Plaintiff's attorney whose address is:

        GOLDSMITH & HULL, A P.C.
        16933 PARTHENIA STREET
        NORTHRIDGE, CA 91343

an answer to the complaint which is herewith served upon you within 21 days after service of this summons upon you, exclusive of day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Date: 5-17-2013

TERRY NAFISI, CLERK

BY: _____
     Deputy Clerk

(SEAL OF THE COURT)

**SUMMONS**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
UNITED STATES OF AMERICA

**DEFENDANTS**
ROBERT D CHAIN

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

GOLDSMITH & HULL, A.P.C.
16933 PARTHENIA STREE, SUITE 110, NORTHRIDGE, CA 91343
(818) 990-6600  FAX (818) 990-6140 govdept1@goldsmithcalaw.com

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 21,758.13

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
COMPLAINT ON FEDERALLY INSURED STUDENT LOAN-DEPARTMENT OF EDUCATION TITLE 20 U.S.C. § 1071 AND TITLE 20 U.S.C. § 1080

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☒ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | | | | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 441 Voting | | ☐ 830 Patent |
| | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | | | ☐ 444 Welfare | | ☐ 862 Black Lung (923) |
| | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | ☐ 440 Other Civil Rights | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number: _____
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)        CIVIL COVER SHEET   **CV13 - 3572**        Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  |  |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date 5/15/2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |