BETTY S. CHAIN, Attorney at Law
CA Bar No. 105390
15233 Ventura Blvd., Ste. 1200
Sherman Oaks, CA 91403-2373
(818) 789-4273
Fax: (818) 789-7820
bscatty@socal.rr.com
Attorney for Defendant
ROBERT D. CHAIN

### UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>ROBERT D. CHAIN,<br><br><br>          Defendant(s). | Case No. CV13-3572<br><br>ANSWER OF ROBERT D. CHAIN TO THE COMPLAINT |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant ROBERT D. CHAIN, in answer to the Complaint, for himself alone, denies and alleges as follows:

1. Defendant denies each and every allegation of paragraphs 2, 4 and 5 of the Complaint.

2. Defendant admits the allegation of paragraph 1 that he is a resident of California and denies each remaining allegation.

3. Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 3 of the Complaint and on upon that lack of information and belief denies each

allegation thereof.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

As a first and separate affirmative defense, Defendant alleges:

1.  Plaintiff fails to set forth facts sufficient to state a claim or cause of action.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a second and separate affirmative defense, Defendant alleges:

2.  Plaintiff is estopped from recovering any of the relief set forth in the Complaint on file herein by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

As a third and separate affirmative defense, Defendant alleges:

3.  All causes of action are barred by the equitable doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

As a fourth and separate affirmative defense, Defendant alleges:

4.  Plaintiff has waived its right to proceed against Defendant under all causes of action.

ANSWER TO COMPLAINT

### FIFTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

As a fifth and separate affirmative defense, Defendant alleges:

5. All causes of action are barred by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

#### (Laches)

As a sixth and separate affirmative defense, Defendant alleges:

6. All causes of action are barred by way of breach of the equitable doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Offset)

As a seventh and separate affirmative defense, Defendant alleges:

7. Defendant is entitled to an offset against all damages claimed by Plaintiff.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by the Complaint;

2. For costs of suit and attorney's fees incurred herein; and

3. For such other and further relief as the Court may deem just and proper.

ANSWER TO COMPLAINT

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a fifth and separate affirmative defense, Defendant alleges:

5. All causes of action are barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

As a sixth and separate affirmative defense, Defendant alleges:

6. All causes of action are barred by way of breach of the equitable doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Offset)

As a seventh and separate affirmative defense, Defendant alleges:

7. Defendant is entitled to an offset against all damages claimed by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unconstitutionality)

As an eighth and separate affirmative defense, Defendant alleges:

8. Statutes providing for enforcement of the debt are unconstitutional and are prohibited as ex post facto laws.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by the Complaint;

2. For costs of suit and attorney's fees incurred herein; and

3.  For such other and further relief as the Court may deem just and proper.

Dated: June 24, 2013

BETTY S. CHAIN, Attorney at Law

By BETTY S. CHAIN, Attorney for Defendant ROBERT D. CHAIN

ANSWER TO COMPLAINT

5

<u>PROOF OF SERVICE BY MAIL</u>

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF LOS ANGELES        )

    I am a resident of the county of aforesaid, I am over the age of eighteen years and I am not a party to the within entitled action.   My business address is 15233 Ventura Blvd., Ste. 1000, Sherman Oaks, CA 91403.

    On June 27, 2013, I served the foregoing **Answer of Robert D. Chain to the Complaint** on the interested parties in said action, by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid, in the United States Mail, First Class, in the City of Sherman Oaks, State of California, addressed as follows:

Goldsmith & Hull, a P.C.
16933 Parthenia St.
Northridge, CA 91343

[X]  (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Sherman Oaks, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  (PERSONAL SERVICE) I delivered such envelope by-hand to the office of the addressee.

[ ]  (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[x]  (FEDERAL) I declare that I am employed in the office of a member of the board of this Court at whose direction service was made.

    Executed on June 27, 2013, at Sherman Oaks, California.

BETTY S. CHAIN