BETTY S. CHAIN, Attorney at Law
CA Bar No. 105390
15233 Ventura Blvd., Ste. 1200
Sherman Oaks, CA 91403-2373
(818) 789-4273
Fax: (818) 789-7820
bscatty@socal.rr.com
Attorney for Defendant
ROBERT D. CHAIN

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>ROBERT D. CHAIN,<br>Defendant. | Case No. CV13-3572<br><br>MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT ROBERT D. CHAIN IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT<br><br>DATE: 10-7-13<br>TIME: 1:30 P.M.<br>DEPT.: COURTROOM 6<br><br>JUDGE: Hon. Steven V. Wilson |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant ROBERT D. CHAIN, submits the following Memorandum of Points and Authorities in Opposition to the Motion for Summary Judgment of Plaintiff United States of America.

Dated: September 5, 2013

BETTY S. CHAIN, Attorney at Law

[signature]

By BETTY S. CHAIN, Attorney for Defendant ROBERT D. CHAIN

MEMORANDUM OF POINTS AND AUTHORITIES

I.

INTRODUCTION

This is an attempt by the United States government to enforce a student loan debt that is over 30 years old. Plaintiff must prove every element of its case including the validity of the original debt, the long chain of events leading to its rights to collect the debt, payment by the United States government under the loan guarantee, assignment of the debt, default by Defendant, and the balance claimed to be due.

The promissory notes in question were issued by Crocker National Bank which ceased operations many years ago. Defendant contends that Plaintiff cannot prove all elements of its case. Furthermore, Defendant contends the 30 year loan is barred by the equitable doctrine of laches.

II.

PLAINTIFF CANNOT PROVE ALL ELEMENTS OF ITS CASE

Plaintiff is attempting to collect a loan it did not make under promissory notes supposedly executed by Defendant in connection with purported loans from the long defunct Crocker National Bank. Plaintiff must comply with all requirements in order to recover on these notes issued over 30 years ago to an entity now defunct.

The provisions of 20 USC 1091a allow recovery by:

"(B) A guaranty agency that has an agreement with the Secretary under section 1078(c) of this title that is seeking the

repayment of the amount due from a borrower on a loan made under part B of this subchapter after such guaranty agency reimburses the previous holder of the loan for its loss on account of the default of the borrower."

Accordingly, Plaintiff must prove the validity of the notes, that the loans were paid, that Defendant defaulted, that its assignor was a guaranty agency with an agreement with the Secretary under section 1078(c), that the previous holder of the note was reimbursed, (in this case the defunct Crocker National Bank or an undisclosed successor, and that it has a valid assignment of the debt. By waiting over 30 years to bring this action, Plaintiff cannot provide admissible proof of all these elements.

Assuming Plaintiff can overcome the hurdles to prove entitlement to enforce the loan debts, it still must prove with admissible evidence the amount of the debt. It cannot even do that. As set forth in the Declaration of Robert D. Chain, there are likely offsets to which he is entitled, but the inordinate time lapse prevents him from gathering proof of payments made or tax refunds applied. Plaintiff's evidence is no more reliable.

III.

PLAINTIFF'S EVIDENCE IS HEARSAY AND CANNOT MEET THE EXCEPTIONS UNDER THE FEDERAL EVIDENCE CODE

Plaintiff did not make the loans in question. There is a long chain of events leading to its appearance in this matter as the assignee of rights to collect. Plaintiff has presented no documentary evidence of the debt except the notes themselves which

are unauthenticated records from the long gone Crocker National Bank and conclusory statements of what is in the records of the Department of Education. Apparently the Department of Education's record does not include and further documents or they should have been presented. The Certificate of Indebtedness adds nothing further as documentary support since it is nothing more than a recitation of unsubstantiated hearsay record entries.

Plaintiff attempts to gain admissibility of its clearly hearsay evidence under the exceptions in the Federal Evidence Code. Plaintiff cannot, as it wishes to do, simply declare that any information in its files is now public record, not just a government document, and is therefore admissible. Plaintiff must present credible authenticated <u>nonhearsay</u> evidence or meet the strict criteria of Federal Rule of Evidence 803(8) for exceptions for hearsay evidence. That section <u>in its current form</u> provides:

"The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

. . .

(8) Public Records. A record or statement of a public office if:

(A) it sets out:

(i) the office's activities;

(ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or

(iii) in a civil case ...factual findings from a legally authorized investigation; and

(B) neither the source of information nor other circumstances indicate a lack of trustworthiness." Federal Rule of Evidence 803.

Plaintiff's evidence, including the notes, and facts set forth in the Declaration of Rubio Canlas, do not meet the requirements of section 803(8).

First, Plaintiff confuses "public record" with a government document. Simply because Mr. Canlas is reciting information compiled in a government document from underlying (and therefore hearsay) sources, that does not make it a "public record," such as a birth certificate or driver's license which relies upon the civil servant's duty to perform its function in a reliable fashion. Here we have a "government document," likely nothing more than a computer record, which contains multiple layers of hearsay from predecessors in the chain of events without even a clue as to the source of the entries.

Presumably there is no written record of the payment of the loans by Crocker National Bank. According to Plaintiff's evidence, payment was made either to Defendant or the school. There is no documentary record of payment to the "holder" under the guaranty by the Student Aid Commission (although Plaintiff's purported evidence on this is murky at best). There is apparently no documentary record of the purported reimbursement by the United States to the guarantor (whose identity is unclear.) There is apparently no record of Mr. Chain's payment or academic history other than the unsubstantiated dates and facts stated in a declaration presented as being within Mr. Canlas' personal knowledge, which it clearly is not. Mr. Goldsmith's attempt to authenticate the notes and Mr. Canlas' recitation is equally ineffective and disingenuous.

Under Federal Evidence Code section 803(8)(B), hearsay evidence will not be admitted if "neither the source of information or other circumstances indicate a lack of trustworthiness." Here the sources of information in Mr. Canlas' files are completely unreliable, are not even identified and are based upon multiple layers of hearsay. There has been no attempt to identify the source of the information. This is particularly disturbing since Crocker National Bank no longer existed at the time of the events. Plaintiff claims that the guaranty agency (presumably the California Student Aid Commission) paid a claim to the "holder." The holder is not identified if it was no longer Crocker National Bank. No date is specified, must less corroborated or substantiated. The source of this information is not identified.

Further, no substantiating proof is given of the alleged default, or Mr. Chain's academic status which is claimed to have triggered the note payment. The source of the information, although hearsay, is not even provided. The purported date of default is almost 10 years after the official school transcript's last date of attendance for Mr. Chain. No payment history is provided and no source of the information regarding the alleged default. There is no explanation why default is placed ten years after Defendant's last enrollment.

Later, Plaintiff's purported evidence without corroboration or identification of the source is that the guarantor (Student Aid Commission) attempted to collect and assigned its right and title to the loan to the Department of Education on February 17, 2000. No proof of the assignment is provided, nor of the purported payment for reimbursement under the reinsurance agreement.

The purported notes actually bear a stamped entry of assignment on June 16, 1999, therefore putting Mr. Canlas' proof into serious question. Since he gives no source for his information, the discrepancy cannot be resolved and Plaintiff's proof must be rejected.

Plaintiff has not even proven by credible evidence that it possesses an assignment of the notes. Plaintiff should be able to prove the assignment since finally in the long chain of events there is one that involves Plaintiff, but it still has failed to do so.

Plaintiff cannot simply dump unreliable unsubstantiated hearsay entries from the Department of Education's records into evidence under the hearsay exception of Fed. Evid. Code section 803(8). Plaintiff's reliance upon the case of United States v. Petroff-Kline 557 F.3d 285 (6th Cir. 2009) is of no avail since that case involved a government loan which could be proven, not a long chain of events transferring the rights to collect the note from multiple parties. No attempt is even made to track the chain of events with the defunct Crocker National Bank which was no longer around when the operative events occurred.

In this case we have purported but unproven debt to Crocker National Bank which ceased operations at least by 1986. The note supposedly went to the California Student Aid Commission, then to the Department of Education and then the United States, with unsubstantiated transactions all along the way. Plaintiff must prove all those transactions with admissible evidence and has failed to do so.

IV.

LACHES SHOULD APPLY AS A DEFENSE

Defendant has been prejudiced by Plaintiff's extraordinary delay in enforcing its claimed debt. Defendant can no longer locate documentation or witnesses to defend against the claim or to establish offsets to which he is entitled.

The defense of laches should apply on these facts. See United States v. Smith (D. Hawaii 1994) 462 F. Supp. 257.

VI.

CONCLUSION

Since Plaintiff has failed to prove a prima facie case, the motion must be denied.

Dated: September 5, 2013

BETTY S. CHAIN, Attorney at Law

By BETTY S. CHAIN, Attorney for Defendant ROBERT D. CHAIN

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am a resident of the county of aforesaid, I am over the age of eighteen years and I am not a party to the within entitled action. My business address is 15233 Ventura Blvd., Ste. 1200, Sherman Oaks, CA 91403.

On September 5, 2013, I served the foregoing **Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment** on the interested parties in said action, by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid, in the United States Mail, First Class, in the City of Sherman Oaks, State of California, addressed as follows:

Goldsmith & Hull, a P.C.
16933 Parthenia St.
Northridge, CA 91343

[X] (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Sherman Oaks, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (PERSONAL SERVICE) I delivered such envelope by-hand to the office of the addressee.

[ ] (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[x] (FEDERAL) I declare that I am employed in the office of a member of the board of this Court at whose direction service was made.

Executed on September 5, 2013, at Sherman Oaks, California.

BETTY S. CHAIN ________________ *Betty SC* ________________